IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Timothy Lowe and Belinda Lowe, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-00801-CV-W-JTM |
| ) | |
| First Financial Insurance Co., *et al*., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case finds its origins in an October 13, 2003, motor vehicle accident involving plaintiff Timothy Lowe ("Lowe"), whose truck collided with a vehicle being operated by Casey Sowa ("Sowa"). Lowe was driving a truck owned by his employer Weston Transportation, Inc. ("Weston"). On or about September 28, 2004, Lowe entered into a settlement agreement with Sowa for $20,000.00 (the limits of the liability coverage under Sowa's automobile insurance policy).[1] Following the settlement with Sowa, Lowe "began investigating whether there were other insurance policies which might provide coverage for the injuries received as a result of the October 2003 crash." Eventually, over ten years after the accident (but just shy of ten years after the settlement with Sowa), Lowe filed this lawsuit in the Circuit Court of Clay County, Missouri, against three insurance companies – defendants First Financial Insurance Company, Burlington Insurance Company, and Praetorian Insurance Company (formerly known as Insurance Corporation of Hanover).

Lowe contends that the named insurers provided insurance to Weston on the truck being driven by Lowe on October 13, 2003, and that the coverage included underinsured motorist

---

[1] In addition to the settlement with Sowa, Lowe pursued workers' compensation benefits from Weston.

coverage.[2] In the lawsuit, Lowe asserts that his damages from the October 13, 2003 accident exceed the $20,000.00 received from Sowa's policy and, as a result, he seeks "to recover underinsured motorist benefits under the insurance policies issued" by the three insurance companies.[3] On September 9, 2014, the insurance companies removed the lawsuit to this Court, asserting that there was complete diversity of citizenship and "[u]pon information and belief, [the Lowes] are seeking damages in excess of $75,000.00." Currently pending before the Court are the motions of the insurance companies to dismiss the Lowes' lawsuit. The insurance companies allege that Lowes' claims for underinsured motorist benefits are barred by MO. REV. STAT. § 516.110, which provides a statute of limitations of ten years on actions "upon any writing."[4]

In responding to the motions to dismiss filed by the insurance companies, the Lowes noted to the Court:

---

[2] Missouri statutory law does not define the term "underinsured motorist" nor are there any "statutory requirements in Missouri for underinsured motorist coverage." *Buehne v. State Farm Mutual Automobile Insurance Co.,* 232 S.W.3d 603, 606 (Mo. App. [E.D.] 2007). In general terms, however, "the objective of underinsured motorist coverage is always the same: to cover them for damages over and above that which the tortfeasor can provide." *Zemelman v. Equity Mutual Insurance Co.*, 935 S.W.2d 673, 679 (Mo. App. [W.D.] 1996) (*quoting Krombach v. Mayflower Insurance Co., Ltd.*, 827 S.W.2d 208, 211 (Mo. 1992) (*en banc*)). Consequently, the applicability of underinsured motorist coverage is generally triggered when an accident involves "an underinsured vehicle [, that] is one with a policy limit [] less than the amount needed to compensate the insured for actual damages" since "the purpose of underinsured motorist coverage []is aimed at full compensation of the victim." *Zemelman*, 935 S.W.2d at 680 (*citations omitted*).

[3] The lawsuit filed in Clay County also includes a claim by Lowe's wife, Belinda Lowe, for loss of consortium damages from the underinsured motorist benefits. Belinda Lowe did not bring an original action against Sawa and, it appears, was not a party to the settlement agreement between her husband and Sawa.

[4] The law in Missouri is seemingly well-settled that actions seeking payments of uninsured motorist benefits and underinsured motorist benefits are governed by the ten year statute of limitations for writings set out in Mo. Rev. Stat. § 516.110. *See*, *e.g.*, *Edwards v. State Farm Insurance Co.*, 574 S.W.2d 505, 506 (Mo. App. [K.C.] 1978).

2

> Even more fundamental [*sic*], the subject matter jurisdiction of this Court
> cannot be determined without reference to the insurance policies at issue;
> it cannot be determined from the pleadings on file. While this Court
> MAY have jurisdiction, that issue turns on the precise language of the
> insurance contracts, contracts which no movant has provided either to
> [the Lowes] or to this Court. Because the issue of subject matter
> jurisdiction is in flux, it is inappropriate for this Court to rule on the
> motions to dismiss [because] they are inappropriate and premature.

According to the Lowes, the insurance companies had not produced applicable policies or revealed policy limits. As such, the Lowes asserted that while they "do not doubt the diversity of the parties, . . . they cannot concede the amount in controversy." The insurance companies ensuing reply briefing on their motions to dismiss did not address the lurking jurisdictional issue.

On January 23, 2015, the Court ordered the parties to brief the policy limits at issue in the litigation and advance arguments in support of the exercise of federal jurisdiction. Doc. 23. As noted by the Court, federal courts are courts of limited jurisdiction and, as such, a threshold requirement in every federal case is jurisdiction. *Bradley v. American Postal Workers Union*, 962 F.2d 800, 802 n.3 (8th Cir. 1992). A federal court has an obligation to assure itself of its own subject matter jurisdiction, particularly where issues arise that call jurisdiction into question. *Int'l Ass'n of Fire Fighters v. City of Clayton,* 320 F.3d 849, 850 (8th Cir. 2003) ("The federal courts are under an independent obligation to examine their own jurisdiction.").

The court now has the parties' briefing on the issue of jurisdiction. With regard to the policy limits for underinsured insured motorist coverage First Financial Insurance Company states that its policy "sets forth an underinsured limit of $50,000," Burlington Insurance Company denies issuing any policy that applies to the relevant time period, and Praetorian Insurance Company states:

> At the time Praetorian removed this action, it had the good faith
> belief that any policy of insurance covered by the Insurance
> Corporation of Hanover to a commercial trucking firm would have

3

> had policy limits in excess of $75,000. To date, [Praetorian has not] located a policy issued by Insurance Corporation of Hanover to Weston Transportation.

Removal jurisdiction based on 28 U.S.C. § 1441 requires an amount in controversy in excess of $75,000.00 in addition to complete diversity of citizenship. The Eighth Circuit has noted that "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." *Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1145 (8th Cir. 1992). Not surprisingly then "if one of the statutory requirements is not met, the district court has no jurisdiction." *Id.* at 1145. To that end, "[f]ederal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload." *Corlew v. Denny's Restaurant, Inc.,* 983 F.Supp. 878, 879 (E.D. Mo. 1997) (*citing Snyder v. Harris,* 394 U.S. 332, 339, 89 S.Ct. 1053, 1058, (1969)).

In their underlying PETITION FOR DAMAGES, each of the Lowes assert breach of contract claims against the three insurance companies "to recover underinsured motorist benefits under the insurance policies issued by the defendants." Accordingly, while the Lowes freely admit that their personal injuries exceed $75,000, they further note:

> This is not a tort case. . . . This is a contract case, plain and simple. There was a tort claim against the deceased driver, but that claim was extinguished when plaintiffs settled their claims against her estate for payment of her liability limits. There are no unasserted tort case[s] remaining to be filed. There is no other person who might be liable in tort for plaintiffs' injuries. All that remains to be resolved is plaintiffs' contract action against defendants.

In deciding whether the amount in controversy in a particular case exceeds $75,000, a federal court must bear in mind that:

> it is the amount or value of that which the complainant seeks to recover, or the sum or value of that which the defendant will lose if

4

> the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction.

*Hatridge v. Aetna Casualty & Surety Co.,* 415 F.2d 809, 815 (8th Cir. 1969) (*quoting Cowell v. City Water Supply Co.,* 121 F. 53, 57 (8th Cir. 1903)). In such cases such as that brought by the Lowes, there is a cap on the damages recoverable – the policy limits of underinsured motorist coverage. *See*, *e.g.*, *Freeland v. Liberty Mutual Fire Insurance Co.*, 632 F.3d 250, 251-54 (6th Cir. 2011).[5] Indeed, black letter law instructs:

> In disputes regarding the applicability of an insurance policy to a particular occurrence, as where insurance coverage is denied, the amount in controversy is the value of the underlying claim, <u>unless this exceeds the maximum limit of the policy, in which case the amount in controversy is the maximum limit of the insurer's liability under the policy</u>. The amount of the claim can be determined with legal certainty in a case involving a claim asserted on an insurance policy limiting liability; where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by referring to the face of the policy.

1A FED. PROC., L. ED. § 1:461 (2014) (*emphasis added*). *See also* 14AA CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3710 (4th ed. 2014) (in cases involving the applicability of insurance policy to a particular occurrence, "if the claim exceeds the policy

---

[5] In *Freeland*, an insured brought an action to recover benefits on a policy that included a provision for $100,000.00 in underinsured motorist benefits. On appeal, the court addressed the issue of diversity jurisdiction *sua sponte*. Because the insurance company had already paid $25,000.00, the court determined that the amount in controversy was $75,000.00. As such the court found it lacked subject matter jurisdiction:

> Section 1332 [28 U.S.C. § 1332] demands that the matter in controversy exceed $75,000 "exclusive of interest and costs." Therefore, the amount in controversy [is] one penny short. The absence of that single penny deprived the district court of subject-matter jurisdiction over the [plaintiffs'] lawsuit.

*Id*. at 252-53.

limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied").

The insurance companies cite the Court to several cases that quote the first part of the black letter law, namely "in disputes regarding the applicability of an insurance policy to a particular occurrence, as where insurance coverage is denied, the amount in controversy is the value of the underlying claim." *See*, *e.g.*, *Fainer v. State Farm Mutual Automobile Insurance Co.*, 2009 WL 911724, op. at *1 (E.D. Mo. Apr. 1, 2009). However, at least in this case, the operative issue is the second part of the law – if the value of a plaintiff's claim exceeds the maximum limit of the policy, the amount in controversy is the maximum limit of the insurer's liability under the policy. This makes sense inasmuch as no matter how much damages are alleged by the plaintiffs, they cannot recover more than the maximum coverage for underinsured motorist coverage.[6] In other words, the policy limits represent both the amount or value the Lowes seek to recover and the sum or value that the insurance companies will lose if the Lowes succeed in their suit.

In this case, the insurance companies removed the case to federal court based on diversity of citizenship and recited that "[u]pon information and belief, [the Lowes] are seeking damages in excess of $75,000.00." However, "a removing defendant's simple say-so will not suffice to demonstrate that a case meets the jurisdictional threshold." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004). Instead, a court must undertake a two-step analysis. First, the court must determine whether the amount in controversy is apparent on the face of the complaint. *Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573 (1961). If the

---

[6] Critically, in this case, the Lowes make no claims against the insurance companies for any amounts other than the underinsured motorist coverage available under their policies.

6

amount in controversy is not apparent, the court then may look to any other materials submitted by the removing defendant. *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773-74 (5th Cir. 2003). To that end, "a court may then provid[e] the parties with the opportunity to satisfy the court as to the amount in controversy." *Feller v. Hartford Life & Accident Insurance Co.*, 817 F. Supp.2d 1097, 1101 (S.D. Iowa 2010).

In this case, the Court afforded the insurance companies the opportunity to come forward with evidence regarding the amount in controversy. In that regard, "[t]he removing party 'must show that it appears to a legal certainty that the amount in controversy' exceeds $75,000.00." *Corlew,* 983 F.Supp. at 879 (*citing Visintine v. Saab Auto., A.B.,* 891 F.Supp. 496, 497 (E.D. Mo. 1995)). A removing party "seek[ing] to invoke federal jurisdiction through removal . . . bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The evidence brought forward by the insurance shows only that one policy had underinsured motorist coverage that might apply and that the limits of that coverage were $50,000, below the $75,000 jurisdictional threshold.

Notwithstanding the policy limits, however, the insurance companies argue that diversity jurisdiction might exist because potentially each of the Lowes might recover $50,000 under the policy issued by First Financial Insurance Company. Such a dual recovery theory is contrary to Missouri law. *See*, *e.g.*, *Ward v. American Family Insurance Co.*, 783 S.W.2d 921, 923 (Mo. App. [E.D.] 1989) ("[u]nder Missouri Law, a husband's claim for loss of consortium is derivative of his wife's claim for bodily injury [and thus, while] admittedly covered by the insuring clause, plaintiff's derivative damages do not constitute a separate and distinct "bodily injury").

In any event, even assuming that each of the Lowes could assert a claim for the entire $50,000 in underinsured motorist coverage under the policy issued by First Financial Insurance

7

Company, diversity jurisdiction would still be lacking. It is well settled that each plaintiff in a removed case must satisfy the jurisdictional amount in controversy, unless they "unite to enforce a single title or right in which they have a common and undivided interest." *Zahn v. International Paper Co.,* 414 U.S. 291, 294, 94 S.Ct. 505, 508 (1973). With respect to this rule, the courts have found:

> [Missouri courts have] explained in that while it is often said a loss of consortium claim is "derivative" and that such a claim is "separate and distinct" from the spouses claim for injuries, these statements are best reconciled by a view that a consortium claim is a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury. [The] nature of a loss of consortium claim under Missouri law makes evident that a person suffering personal injury and a spouse claiming a loss of consortium do not "unite to enforce a single title or right in which they have a common and undivided interest" under *Zahn*. . . . As such, the claims are not "common and undivided" because Missouri law does not create a single right of recovery.

*McClure v. Raymond Corp.*, 174 F.Supp.2d 982, 985-86 (E.D. Mo. 2001) (*citations and internal punctuation omitted*).

Following a removal of a case to federal court, a party objecting to the removal may file a motion to remand. 28 U.S.C. § 1447(c). Such a remand motion must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). In this case, the Lowes did not file a motion to remand. Pursuant to the removal statute, "any defect" in the removal procedure must be asserted in a timely remand motion or it is waived. 28 U.S.C. § 1447(c). However, such a waiver does not apply to an argument that the Court "lack[s] subject matter jurisdiction." 28 U.S.C. § 1447(c). In that regard, courts have concluded that an argument regarding the substance of an "amount in controversy" goes to subject matter jurisdiction and cannot be waived. *See*, *e.g.*, *Harmon v. OKI Systems*, 902 F. Supp. 176, 178 (S.D. Ind. 1995), *aff'd,* 115

8

F.3d 477 (7th Cir. 1997). *See also Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir.1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court *sua sponte*.").

In this case, the insurance companies have failed to establish to a legal certainty that the amount in controversy exceeds $75,000. Consequently, it appears that this Court lacks subject matter jurisdiction. Federal law is abundantly clear and deliberately mandatory:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447. Consequently, for the reasons set out here, it is

**ORDERED** that the Clerk of the Court shall immediately remand this case to the Circuit Court of Clay County, Missouri for all further proceedings.[7]

 */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**

---

[7] The Court expresses no opinion on the merits of PRAETORIAN INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' PETITION [Doc 3] or DEFENDANTS FIRST FINANCIAL INSURANCE COMPANY'S AND BURLINGTON INSURANCE COMPANY'S MOTION TO DISMISS [Doc. 10].